[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR MENTAL EXAMINATION
In this case the Plaintiff seeks compensation for damages for emotional distress. Plaintiff has also disclosed, as an expert witness on her emotional damages, a psychologist
Defendants seek pursuant to Practice Book Section 229, an order for a mental examination of the plaintiff. Practice Book Section 229 provides that a physical or mental examination may be ordered if evidence outside the record will be probably required as to an issue material to the prosecution or defense. Where a party seeks damages for emotional damages, their mental condition is material.
Mental examinations have been compelled in criminal cases when mental condition, unrelated to sanity issues, have been raised. State v. Fair 197 Conn. 106, 111-112 (1985) [Issue of extreme emotional disturbance makes mental state CT Page 6566 material] State v. Manfredi, 213 Conn. 500, 504 (1990) [Introduction of psychiatric evidence in the case] justified order compelling examination]. If a mental examination is allowed in a criminal case where constitutional limitations restrain the state; surely, a civil litigant can not assert greater rights.
The Plaintiff's objection to the Mental Examination raises the issue of the scope of the examination. Specifically questioned was any requirement that the Plaintiff submit to psychological testing. The Court finds that the imposition of such tests would be unnecessary and invasive of Plaintiff's privacy and unduly burdensome. See Lombardo v. Holdridge 40 Conn. Sup. 265 (1985) recognizing the necessity of court monitoring of examinations.
The examination will be limited to a review by Defendant's expert of Plaintiff's records of psychological and/or medical treatment for emotional distress or related issues. Plaintiff will submit to a single interview with Defendant's expert who will have the benefit of having reviewed any records of medical or psychological treatment of the plaintiff.
The plaintiff has filed a timely objection pursuant to Practice Book Section 229 to Dr. Borden, the Defendant's proposed expert.
The Court finds no logical basis for distinguishing between a mental or physical examination for the purpose of such an objection under Practice Book Section 229.
Plaintiff may also be accompanied by counsel during such examination. As to this issue the Court is persuaded by the analysis set forth in Zabkowicz v. The West Bend Company,585 F. Sup. 635 (1984) United States District Court, E.D.Wisconsin.
Plaintiff is to submit to an examination by Defendant's expert psychologist or psychiatrist, for a single session of no more than one hour duration.
The examiner may not be Dr. Borden.
Plaintiff's counsel may be present during such examination, as may defense counsel.
BY THE COURT,
Hon. Robert McWeeny, J. Superior Court Judge CT Page 6567